UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DANIEL CASAS, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action |
| § | No. SA-15-CA-368-FB |
| BEXAR COUNTY COMMUNITY § | |
| SUPERVISION AND CORRECTIONS § | |
| DEPARTMENT CHIEF PROBATION § | |
| OFFICER JARVIS ANDERSON, § | |
| § | |
| Respondent. § | |

# M E M O R A N D U M   D E C I S I O N

Before the Court are Petitioner Daniel Casas' 28 U.S.C. § 2254 Habeas Corpus Petition (Docket Entry # 1) and Respondent's Answer seeking denial and dismissal of the Petition (Entry # 7).

## I.

Petitioner Casas was convicted by a Bexar County jury in 2013 of failing to register as a sex offender and was sentenced to eight years of deferred adjudication and community supervision in *State v. Casas*, No. 2011-CR-8563 (Tex. 379th Jud. Dist. Ct., *jmt. entered* June 3, 2013). His conviction was affirmed, and his petition for discretionary review was refused. *Casas v. State*, No. 4-13-356-CR, 2014 WL 1319333 (Tex. 4th Ct. Apps. 2014, *pet. ref'd*). Petitioner Casas' state habeas corpus application challenging this conviction was dismissed by the trial court because it presented issues already addressed on appeal.

Daniel Casas' § 2254 petition contends: his conviction for failing to register as a sex offender violates Texas law and due process because it was based on evidence of a prior expunged conviction;

and excluding this wrongfully admitted evidence there was insufficient evidence to support his conviction for failing to register as a sex offender.

## II.

Federal habeas corpus relief is available only where the petitioner demonstrates he is in custody in violation of his constitutional or other federal rights. 28 U.S.C. §§ 2241, 2254. State law errors that do not implicate constitutional rights are not a basis for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Section 2254(b)(1)(A) requires the petitioner to exhaust available state court remedies before seeking federal habeas corpus relief. Section 2254(d) requires this Court to defer to the state court's reasonable interpretations of federal law and reasonable determinations of fact in light of the evidence presented in the state proceedings. Factual determinations of a state court are "presumed to be correct," and the petitioner has the burden of rebutting this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Pursuant to Texas law, a person is required to register with local municipal or county law enforcement as a sex offender if the offender has a "reportable conviction or adjudication." Tex. Code Crim. Proc. art. 62.051(a) (Westlaw 2011). A reportable conviction or adjudication is one for specifically enumerated sex offenses including indecency with a child. Tex. Code Crim. Proc. art. 62.001(5)(a). Texas law provides failing to comply with sex offender registration requirements is an offense. Tex. Code Crim. Proc. art. 62.102(a).

Petitioner pleaded guilty in 1991 to indecency with a child and was sentenced to ten years probation. In 2006, petitioner was granted an expunction of another count alleged in the 1991 indictment, however there was no expunction of the indecency with a child conviction. The Bexar County District Clerk mistakenly destroyed the entire original case record. The error was discovered

in 2011 by the San Antonio Police Department's (SAPD's) Sex Crimes Unit, and petitioner was informed by SAPD and the Bexar County Sheriff's Department he was required to register as a sex offender. Petitioner failed to do so.

At petitioner's 2013 trial for failing to register as a sex offender the State introduced certified copies of petitioner's 1991 conviction for indecency with a child retrieved from microfilm. The state trial court ruled the certified copies were self-authenticating. The jury found petitioner guilty of failing to register as a sex offender.

Habeas corpus relief under § 2254 on a claim of insufficient evidence is appropriate only if "after viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). The record shows petitioner had a 1991 conviction for indecency with a child; such a conviction is a reportable offense requiring petitioner's registration as a sex offender; and petitioner failed to register as a sex offender and thus violated Texas Code of Criminal Procedure article 62.102(a).

Petitioner's argument that his conviction for failing to register cannot be based on an "expunged" conviction, is contrary to the record. His 1991 conviction was never expunged, rather the original records were mistakenly destroyed, and thus there is no predicate for his argument his conviction is contrary to due process or Texas law.

The state court's denial of petitioner's claims is reasonably supported by the record and consistent with federal law as required by § 2254(d), *see Casas v. State*, No. 4-13-356-CR, 2014 WL 1319333 (Tex. 4th Ct. Apps. 2014, *pet. ref'd*); therefore this Court is compelled to reach the same conclusion that Daniel Casas' § 2254 petition is without legal or factual merit and must be denied.

Furthermore, a habeas corpus petitioner is not entitled to relief or a hearing on his claims where: he failed to allege a basis for relief, he offers "conclusory allegations unsupported by specifics, contentions that in the face of the record are wholly incredible," *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996), or allegations that can be resolved on the record, *Lawrence v. Lensing,* 42 F.3d 255, 258-59 (5th Cir. 1994). Petitioner is not entitled to habeas relief or a hearing on his petition because his claims are without legal merit and defied by the record.

### III.

Accordingly, petitioner Casas' § 2254 petition is **DENIED** and **DISMISSED WITH PREJUDICE**. All other pending motions are **DENIED** as moot. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing this Court's procedural rulings are incorrect as required by FED. R. APP. P. 22 for a certificate of appealability, *see Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct.1595, 146 L. Ed. 2d 542 (2000), and therefore this Court **DENIES** petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings.

It is so ORDERED.

SIGNED this 30th day of September, 2015.

_____
FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE